UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE YATES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALUDYNE INC., et al.,<br><br>Defendants. | Case No. 25-cv-12750<br><br>Honorable Robert J. White |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER VENUE AND/OR TO TRANSFER VENUE (ECF No. 9)**

Plaintiffs Terrance Yates, Billie Smith, and Robert Childs sued Defendants Aludyne, Inc., UC Holdings, Inc., and Oaktree Capital Management, LP for employment discrimination. (ECF No. 1). Defendants moved to dismiss the complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). (ECF No. 9, PageID.90). In the alternative, the Defendants requested the Court transfer the matter to the Western District of Michigan under 28 U.S.C. § 1404(a). (*Id.* at PageID.90–91). Plaintiffs opposed the motion. (ECF No. 11).

At the crux of the Defendants' motion is that Plaintiffs' counsel, John Robert Beason, III, improperly filed the motion in the Eastern District of Michigan because Beason is presently banned from practicing in the Western District. (ECF No. 9,

PageID.103–04). Given that the events and relevant parties are primarily located in the Western District, venue is allegedly improper. (*Id.*). And even if venue is proper, the Court should not reward Beason's blatant forum-shopping and attempts to circumvent his suspension by allowing the case to stay in the Eastern District. (*Id.* at PageID.104–07).

When a court decides a 12(b)(3) motion on the papers alone, the plaintiff needs "to show that his pleadings and affidavits, if accepted as true, would establish that venue [is] proper." *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 621 (6th Cir. 2025). Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Entity defendants are considered residents of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Here, Defendants did not challenge Plaintiffs' allegation that the Defendants were corporate entities within the state of Michigan with their principal place of business in Southfield, Oakland County[1], Michigan. (ECF No. 1, PageID.4). Southfield is within the Eastern District of Michigan's jurisdiction. *See* 28 U.S.C. § 102(a)(1). Taking the Plaintiffs' allegations as true, the fact that Defendants

---

[1] Plaintiffs misidentified Southfield as part of Wayne County, Michigan. (ECF No. 1, PageID.4). Regardless, both Wayne County and Oakland County are within the Eastern District. 28 U.S.C. § 102(a)(1).

operated their principal place of business in the Eastern District allows the Court to exercise personal jurisdiction over them. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (stating corporate defendant is at home for personal jurisdiction purposes where its principal place of business is located). Venue is therefore proper. And although Defendants claimed that venue is improper because the events giving rise to the claims primarily occurred in the Western District, (ECF No. 9, PageID.103–04), that argument cannot overcome the Court's independent statutory basis for finding venue proper.

Still, Plaintiffs' attorney, Beason, is suspended in both the Eastern District and the Western District.[2] As such, Beason may not practice before this Court. The Court will therefore provide Plaintiffs until Friday, August 28, 2026, to either retain new counsel, who shall file an appearance with this Court prior to the expiration of such time, or to each file a signed document with the Court affirmatively stating that they are taking responsibility for the case on a pro se basis and providing a mailing address for service of court filings. The Court further directs Beason to serve a copy of this Order via certified mail on Plaintiffs in this case by August 20, 2026. Beason is directed to e-mail proof of service of the copy of this Order to this Court's e-filing

---

[2] *See* Order of Suspension, *In re John Robert Beason, III*, No. 2:26-mc-50836 (E.D. Mich. July 22, 226), ECF No. 2; Attorney Lookup, United States District Court, Western District of Michigan, https://miwd-ecf.sso.dcn/cgi-bin/BarLookup.pl (last visited Aug. 3, 2026).

address: efile_white@mied.uscourts.gov. The Plaintiffs' failure to meet these deadlines will result in dismissal of this case for failure to prosecute.

* * *

For the reasons given, the Court **ORDERS** that the motion to dismiss Plaintiffs' complaint for improper venue and/or transfer venue (ECF No. 9) is **DENIED**.

The Court **FURTHER ORDERS** that Plaintiffs must retain new counsel or appear pro se by **August 28, 2026**. Failure to do so will result in dismissal.

The Court **FURTHER ORDERS** that Beason must serve a copy of this Order via certified mail on Plaintiffs in this case by **August 20, 2026**, and e-mail proof of certified mail service to this Court.

Dated: August 3, 2026

s/Robert J. White
Robert J. White
United States District Judge